UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BIONCA MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-1785 |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, Bionca Martin, by and through her counsel, Antonio L. Jeffrey of Jeffrey Law Office, LLC, and complains of Defendant Illinois Department of Human Services, and states as follows:

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**JURISDICTION & VENUE**

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

**PARTIES**

3. Plaintiff, BIONCA MARTIN ("Plaintiff"), was at all times relevant to this suit an adult, whose race is Black, residing in Plainfield, Illinois. At all times relevant, Plaintiff was

1

employed by Defendant in this District. Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

4. Defendant, Illinois Department of Human Services ("Defendant IDHS"), is an Illinois State Department Entity duly organized and doing business in Illinois, with its Joliet Inpatient Treatment Center located at 2848 McDonough St., Joliet, IL 60436. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant hired, employed, terminated, and harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about May 9, 2023, Plaintiff timely filed a Charge of Discrimination against Defendant IDHS alleging harassment and hostile work environment, race discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2023-06198.

6. On December 5, 2023, the EEOC issued Plaintiff a Notice of Right to Sue for EEOC Charge No. 440-2023-06198.

7. On or about January 15, 2024, Plaintiff reviewed the EEOC's Notice of Right to Sue.

8. On February 13, 2024, Plaintiff timely filed a second Charge of Discrimination against Defendant IDHS alleging race discrimination and retaliation from 7/5/23 to 7/15/23, regarding Plaintiff's suspension and termination by Defendant IDHS. EEOC Charge No. 440-2024-04878.

9. On February 28, 2024, the EEOC issued Plaintiff a Notice of Right to Sue as to EEOC Charge No. 440-2024-04878.

10. Therefore, Plaintiff's Complaint is being filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

11. Plaintiff's race is Black.

12. On or about February 1, 2023, Plaintiff was hired by Defendant IDHS as Chief of Social Work at Defendant's Joliet Inpatient Treatment Center, located at 2848 McDonough St., Joliet, IL 60436.

13. At all times relevant to this Complaint, Plaintiff reported to Danielle O'Connell.

14. On February 22, 2023, Angella Hewitt-Wright, Director of Rehabilitation for Defendant IDHS, who also directly reports to Ms. O'Connell, pulled Plaintiff out into the hallway at PSOT training and informed her that Ms. O'Connell has a problem with the way she dresses and feels it is inappropriate for a supervisor. Ms. Hewitt-Wright told Plaintiff what was wrong with her outfit, per Ms. O'Connell, and said she had encouraged Ms. O'Connell to talk directly to Plaintiff about her clothes but Ms. O'Connell didn't feel comfortable.

15. Plaintiff discussed the matter with Tera Thomas from Defendant Human Resources Department and she encouraged Plaintiff to have a conversation with Ms. O'Connell because it was inappropriate for "a peer to admonish someone" on behalf of their supervisor.

16. On February 24, 2023, Plaintiff spoke to Ms. O'Connell and asked, "what happened to where Angella was talking to [Plaintiff] about [her] clothes and the dress code instead of you?" She responded, "I don't know what you're talking about." She initially claimed she never spoke to Ms. Hewitt-Wright about Plaintiff's clothing and then admitted it and said she had pointed out

3

that Plaintiff was wearing dresses every day. Plaintiff advised her that being talked *about* instead of *to* made her uncomfortable and made the environment hostile. She claimed that she went to Ms. Hewitt-Wright for advice on how to speak to Plaintiff about her wardrobe, but she didn't have any advice, so Ms. O'Connell never spoke to Plaintiff.

17. On February 26, 2023, Plaintiff emailed Ms. O'Connell requesting permission to wear skirts and dresses to work.

18. Then, on March 29, 2023, Ms. O'Connell continued the hostile and disparate treatment by yelling at her in the presence of other employees.

19. Plaintiff reported Ms. O'Connell's behavior to Ms. Tera Thomas, from Human Resources and Labor Relations. Plaintiff stated she felt she was being bullied and did not feel safe.

20. The harassment continued, including on April 10, 2023, when Ms. O'Connell was waiting for Plaintiff in the parking lot, scrutinizing her arrival time, when Plaintiff started her work flex schedule.

21. Further, she spread false allegations regarding Plaintiff's updates at the treatment team meetings; such false allegations were also noted in Plaintiff's 90-day evaluation in May 2023.

22. Ultimately, on July 5, 2023, Plaintiff was suspended by Defendant, which led to her termination on July 15, 2023.

23. Plaintiff's similarly situated White counterparts were not subjected to the same treatment by Ms. O'Connell as Plaintiff.

24. Because of Plaintiff's race (Black), Plaintiff was subjected to disparate treatment, discrimination, suspension, and termination of her employment.

25. Because Plaintiff reported harassment, exercising a right and protected activity, she was subjected to escalated disparate treatment, harassment, suspension, and termination of her employment.

### COUNT I – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

26. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

27. Plaintiff (Black) is a member of a protected class.

28. Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

29. Plaintiff apprised Defendant of her race, Black.

30. Defendant discriminated against Plaintiff because of her race by refusing to accommodate her desire of a safe and free non-discriminatory work place and for harassing and discriminating against her for the same, creating a hostile work environment, and would not have done so had Plaintiff not been Black and everything else having been the same.

31. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

32. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

33. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, BIONCA MARTIN, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating her to the position she previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

34. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

35. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, suspend or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

36. Plaintiff (Black) is a member of a protected class under Title VII.

6

37. Plaintiff engaged in a Title VII protected activity by reporting illegal acts by Defendant.

38. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, including suspending her due to discriminatory and retaliatory reasons.

39. Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that she reported harassment.

40. Defendant would not have retaliated against Plaintiff had she not reported the harassment. The retaliation against Plaintiff directly impacted her terms and conditions of employment with Defendant.

41. Defendant's retaliation against Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

42. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, BIONCA MARTIN, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating her to the position she previously held;

    D.      Order Defendant to pay the Plaintiff compensatory damages;

    E.      Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

    F.      Award the Plaintiff her reasonable attorney's fees and costs; and

    G.      Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: March 2, 2024

                                                          /s    Antonio L. Jeffrey
                                                                  Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com